NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JOHN ROBINSON, | : | |
|  | : | Civil Action No. 13-7877 (RMB) |
| Petitioner, | : | |
|  | : | |
| v. | : | **MEMORANDUM OPINION AND ORDER** |
|  | : | |
| J. T. SHARTLE, et al., | : | |
|  | : | |
| Respondents. | : | |

This matter comes before the Court upon a transfer order executed by the United States District Court for the Eastern District of Pennsylvania ("E.D. Pa."). See Docket Entry No. 4.

On September 23, 2013, Petitioner, a federal inmate confined at the FCI Fairton, see http://www.bop.gov/Locate, submitted a § 2254 petition ("Petition") to the E.D. Pa. See Docket Entry No. 1. In his submission, Petitioner falsely asserted that he was a state inmate confined at the Hudson County Correctional Center, see generally, Docket, and challenged his New Jersey state conviction imposed on June 12, 1992, upon Petitioner's guilty plea. See id. at 4.[1]

---

[1] Petitioner asserted that: (a) he was innocent of the offense of possession of a controlled substance "with intent to distribute," since he believed he was in possession of cocaine for personal use and "possibly sharing [it] with a female friend" for free; and (b) his counsel must have violated his Sixth Amendment rights when counsel recommended him to plead guilty to both "possession" and "intent to distribute" charges, and he agreed with his counsel's recommendation and did so plead. See Docket Entry No. 2, at 2-4 (internal quotation marks omitted).

Petitioner clarified that the sentence at issue was a four-year term, see id., i.e., the term that had to expire at the very latest, on June 11, 1996, that is, *about seventeen and a half years ago*. The Petition arrived unaccompanied by Petitioner's filing fee or his application to proceed in this matter in forma pauperis. See generally, Docket. Petitioner, however, quickly followed his Petition by a motion seeking leave to amend his pleading under Rule 15 of the Federal Rules of Civil Procedure. See Docket Entry No. 2.

Petitioner stated that he challenged his conviction and sentence in a post-conviction relief ("PCR") application dismissed by the Law Division on October 15, 2010; such dismissal was on the grounds of untimeliness. See Docket Entry No. 1, at 5. He also asserted that the Appellate Division affirmed the Law Division's ruling to that effect on June 7, 2012.[2] See id.

Two months after Petitioner's commencement of this matter at the E.D. Pa., i.e., on November 25, 2013, and after allowing Petitioner to amend his pleading, the E.D. Pa. directed its Clerk to transfer this matter to this District.[3]

---

[2] This Court's efforts to locate such rulings were unsuccessful. Petitioner did not designate the date when the Supreme Court of New Jersey denied him certification; rather, he asserted that, on June 24, 2013, the Supreme Court of the United States denied him certiorari. See Docket Entry No. 1, at 6.

[3] Moreover, the Clerk of this District received the same only one month later, i.e., on December 30, 2013.

2

Yet, long prior to E.D. Pa.'s transfer of this matter, relevant developments took place in this District. Specifically, shortly after commencing his § 2254 action with the E.D. Pa., Petitioner commenced another, substantively identical, § 2254 action in this District. See Robinson v. Shartle ("Robinson-I"), Civil Action No. 13-6976 (McNulty, J.) (D.N.J.). In that action, as here, Petitioner did not submit his filing fee or his in forma pauperis application, causing the Court to deny Petitioner in forma pauperis status without prejudice and to direct termination of Robinson-I. See Robinson-I, Docket Entry No. 3. On the very date of the Clerk's receipt of the transfer order from the E.D. Pa., Petitioner submitted his $5 filing fee in Robinson-I.[4]

Therefore, the instant matter is wholly duplicative of Robinson-I, and will be terminated as such.[5]

---

[4] In Robinson-I, Petitioner clarified that he filed his PCR application with the Law Division on May 7, 2010, that is, about seventeen and a half years after his conviction became final (upon expiration of his time to seek direct appellate review from the Appellate Division). See Robinson-I, Docket Entry No. 1, at 6.

[5] While noting, in passing, that the Petition *at bar* is deficient on multiple grounds: (a) being facially untimely since April 24, 1997, the date of expiration of the "grace" period allowed by statute, see Douglas v. Horn, 359 F.3d 257, 261 n.5 (3d Cir. 2004); Long v. Wilson, 393 F.3d 390, 394-95 (3d Cir. 2004); see also Evans v. Chavis, 546 U.S. 189, 191 (2006); Artuz v. Bennett, 531 U.S. 4, 8-9 (2000); Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80 (3d Cir. 2013); (b) falling outside § 2254 jurisdiction on the grounds of Petitioner's failure to meet the in-custody requirement, see 28 U.S.C. § 2254(a); Maleng v. Cook, 490 U.S. 488, 490 (1989); DeFoy v. McCullough, 393 F.3d 439, 442 (3d Cir. 2005); Dessus v. Commonwealth of Penn., 452

3

> The power of a federal court to prevent duplicative litigation is intended "to foster judicial economy and the 'comprehensive disposition of litigation,'" Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000) [*18] (quoting Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 183 (1952)), and "to protect parties from 'the vexation of concurrent litigation over the same subject matter.'" Id. (quoting Adam v. Jacobs, 950 F.2d 89, 93 (2d Cir. 1991)).

Porter v. NationsCredit Consumer Disc. Co., 2003 Bankr. LEXIS 933, at *33 (Bankr. E.D. Pa. 2003).

IT IS, therefore, on this **7th** day of **January 2014**,

**ORDERED** that the Clerk shall terminate this matter as duplicative of Robinson v. Shartle, Civil Action No. 13-6976 (KM) (D.N.J.), by making a new and separate docket entry on the docket of this matter, reading, "CIVIL CASE ADMINISTRATIVELY TERMINATED AS FACIALLY DUPLICATIVE OF 13-6976"; and it is further

**ORDERED** that the Clerk shall docket this Memorandum Opinion and Order in Robinson v. Shartle, Civil Action No. 13-6976 (KM)

---

F.2d 557, 559-60 (3d Cir. 1971), cert. denied, 409 U.S. 853 (1972); (c) being not amenable to a construction as Petitioner's application for coram nobis relief (in light of federal courts' lack of jurisdiction to grant such relief with regard to the challenges attacking state convictions), Goodman v. United States, 140 F. App'x 436, 437 (3d Cir. 2005); (d) substantively meritless in light of the nature of Petitioner's claims, see Hill v. Lockhart, 474 U.S. 52, 60 (1985) (a defendant who pleads guilty upon the advice of counsel "may only attack the voluntary and intelligent character of the guilty plea"); and (e) not warranting issuance of a certificate of appealability, see Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000), this Court finds an administrative termination on the grounds of duplicativeness the most suitable course and, hence, dispenses with a detailed discussion of the aforesaid jurisdictional, procedural and substantive defects.

(D.N.J.), accompanying such docket entry by the docket text reading, "DOCKETED FOR INFORMATIONAL PURPOSES ONLY"; and it is finally

**ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon Petitioner by regular U.S. mail.

> s/Renée Marie Bumb
> **RENÉE MARIE BUMB**
> **United States District Judge**