<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

```
_____
                               :
JOHN ROBINSON,                 :
                               :  Civil Action No. 13-7877 (RMB)
            Petitioner,        :
                               :
       v.                      :  MEMORANDUM OPINION AND ORDER
                               :
J. T. SHARTLE, et al.,         :
                               :
            Respondents.       :
_____:
```

**BUMB**, District Judge:

    This matter comes before the Court upon Petitioner's motion, <u>see</u> Docket Entry No. 7, seeking reconsideration of this Court's order docketed as Docket Entry No. 6.

    On September 23, 2013, Petitioner, a federal inmate confined at the FCI Fairton, <u>see</u> http://www.bop.gov/Locate, submitted a § 2254 petition ("Petition") to the United States District Court for the Eastern District of Pennsylvania ("E.D. Pa."). <u>See</u> Docket Entry No. 1. In his Petition, he asserted that he was a state, rather than a federal, inmate and challenged his New Jersey state conviction imposed on June 12, 1992, upon Petitioner's guilty plea. <u>See</u> <u>id.</u> at 4.[1]

---

[1] Petitioner asserted that: (a) he was innocent of the offense of possession of controlled substance "with intent to distribute," since he believed he was in possession of cocaine for personal use and "possibly sharing [it] with a female friend" for free; and (b) his counsel must have violated his Sixth Amendment rights when the counsel recommended him to plead guilty to both "possession" and "intent to distribute" charges, and he agreed with his counsel's recommendation and did so plead. <u>See</u>

Petitioner clarified that the sentence at issue was a four-year term, see id., i.e., the term which, unless the service of that sentence was deferred, had to expire at the very latest, on June 11, 1996, that is, *about seventeen and a half years ago*.[2] The Petition arrived unaccompanied by Petitioner's filing fee or his application to proceed in this matter in forma pauperis. See generally, Docket.

Two months after Petitioner's commencement of his E.D. Pa. Action, i.e., on November 25, 2013, the E.D. Pa. directed transfer of his Petition to this District. This matter was commenced upon the Clerk's receipt of that transfer order.[3] See Docket Entry No. 4.

However, prior to the E.D. Pa.'s transfer, Petitioner commenced another § 2254 action in this District. See Robinson v. Shartle ("Robinson-I"), Civil Action No. 13-6976 (KM)

---

Docket Entry No. 2, at 2-4 (internal quotation marks omitted).

[2] He stated that he challenged his conviction and sentence in a post-conviction relief ("PCR") application dismissed by the Law Division on October 15, 2010; such dismissal was on the grounds of untimeliness. See Docket Entry No. 1, at 5. He also asserted that the Appellate Division affirmed the Law Division's ruling to that effect on June 7, 2012. See id. This Court's efforts to locate such rulings were unsuccessful. Petitioner did not designate the date when the Supreme Court of New Jersey denied him certification; rather, he asserted that, on June 24, 2013 (that is, three months prior to Petitioner's commencement of his E.D. Pa. Proceeding), the Supreme Court of the United States denied him certiorari. See Docket Entry No. 1, at 6.

[3] The Clerk received the transfer order one month after that transfer was directed, i.e., on December 30, 2013.

(D.N.J.).[4]  Since Petitioner's Robinson-I action and the instant matter appeared substantively identical, this Court directed administrative termination of this matter as duplicative of Robinson-I, without assessment of the filing fee in connection with this matter.  In addition, this Court noted,

> in passing, that the Petition [here] was deficient on multiple grounds: (a) being facially untimely since April 24, 1997, the date of expiration of the "grace" period allowed by the AEDPA, see Douglas v. Horn, 359 F.3d 257, 261 n.5 (3d Cir. 2004); Long v. Wilson, 393 F.3d 390, 394-95 (3d Cir. 2004); see also Evans v. Chavis, 546 U.S. 189, 191 (2006); Artuz v. Bennett, 531 U.S. 4, 8-9 (2000); Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80 (3d Cir. 2013); (b) falling outside § 2254 jurisdiction on the grounds of Petitioner's failure to meet the in-custody requirement, see 28 U.S.C. § 2254(a); Maleng v. Cook, 490 U.S. 488, 490 (1989); DeFoy v. McCullough, 393 F.3d 439, 442 (3d Cir. 2005); Dessus v. Commonwealth of Penn., 452 F.2d 557, 559-60 (3d Cir. 1971), cert. denied, 409 U.S. 853 (1972); (c) being not amenable to a construction as Petitioner's application for coram nobis relief (in light of federal courts' lack of jurisdiction to grant such relief with regard to the challenges attacking state convictions), Goodman v. United States, 140 F. App'x 436, 437 (3d Cir. 2005); (d) substantively meritless in light of the nature of Petitioner's claims, see Hill v. Lockhart, 474 U.S. 52, 60 (1985) (a defendant who pleads guilty upon the advice of counsel "may only attack the voluntary and intelligent character of the guilty plea"); and (e) not

---

[4] There, as here, Petitioner did not submit his filing fee or his in forma pauperis application, causing the Court to deny Petitioner in forma pauperis status without prejudice and to direct termination of Robinson-I.  See Robinson-I, Docket Entry No. 3.  On the very date of the Clerk's receipt of the transfer order from the E.D. Pa., Petitioner submitted his $5 filing fee in Robinson-I.  Since then, an answer was ordered and filed, and it suggests that Petitioner's Robinson-I challenges attack the same conviction as the one challenged here.  See id., Docket Entries Nos. 9, 14 and 15.

> warranting issuance of a certificate of appealability, see <u>Miller-El v. Cockrell</u>, 537 U.S. 322 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

Docket Entry No. 6, at 3-4, n.5 (original brackets omitted).

However, "find[ing] an administrative termination on the grounds of duplicativeness the most suitable course," this Court "dispense[d] with a detailed discussion of the aforesaid jurisdictional, procedural and substantive defects."  <u>Id.</u>

The motion at bar followed.  <u>See</u> Docket Entry No. 7.  It asserted that the instant matter was not duplicative of <u>Robinson-I</u> because Petitioner's instant challenges were based on a New Jersey indictment indexed differently than the indictment underlying his <u>Robinson-I</u> challenges.  <u>See</u> <u>id.</u>

Although the motion did not clarify whether these different indictments were merged for the purposes of Petitioner's state conviction being attacked (which merger, had it taken place, would render this matter duplicative of <u>Robinson-I</u>, since a § 2254 attack is always on the *conviction and sentence*, not on a particular indictment), such ambiguity cannot affect the outcome of the analysis at hand since, even if this Court were to presume that Petitioner is challenging one New Jersey conviction in <u>Robinson-I</u> and a completely different New Jersey conviction here, his Petition is subject to dismissal for lack of jurisdiction.

Correspondingly, Petitioner's motion will be granted in form and denied in substance.[5]

As this Court already detailed in its prior decision, Petitioner's challenges are "deficient on multiple grounds," being untimely, unavailing for the purposes of coram nobis review, substantively meritless for being unrelated to the voluntariness and intelligent character of Petitioner's guilty plea and, in addition, jurisdictionally deficient for failure to meet the "in-custody" requirement.

That failure to meet the "in-custody" requirement prevents this Court from exercising jurisdiction over Petitioner's challenges and, paramount here, renders the Court's analysis on all other deficiencies of his Petition improper. See Ganim v. Fed. Bureau of Prisons, 235 F. App'x 882, 883-84 (3d Cir. 2007) (where a habeas petitioner raised jurisdictionally-deficient

---

[5] The United States Court of Appeals for the Third Circuit guided that a litigant's motion for reconsideration should be deemed "granted" when the court (the decision of which the litigant is seeking a reconsideration of) addresses the merits — rather than the mere procedural propriety or lack thereof- of that motion. See Pena-Ruiz v. Solorzano, 2008 U.S. App. LEXIS 12436, at *2-3, n.1 (3d Cir. 2008). "However, the very fact of the court's review does not prevent the court performing such reconsideration analysis (of the original application, as supplanted by the points raised in the motion for reconsideration) from reaching a disposition identical — either in its rationale or in its outcome, or in both regards — to the court's decision previously reached upon examination of the original application." In re Telfair, 745 F. Supp. 2d 536, 538, n.1 (D.N.J. 2010) (citing Pena-Ruiz, 2008 U.S. App. LEXIS 12436, at *2-3, n.1).

claims, and the district court "denied [his] petition [upon] conclud[ing] that [petitioner] had not exhausted his administrative remedies, and alternatively determin[ing] that [petitioner's] claims were without merit," the Court of Appeals "vacate[d] the [d]istrict [c]ourt's order denying [the] petition [and] remand[ed with] instruct[ions] to dismiss [the] petition for lack of jurisdiction").

Pursuant to § 2254, "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a). Thus, a federal court has no jurisdiction to entertain a habeas petition unless the petitioner meets this "in custody" requirement.  Dessus, 452 F.2d at 559-60 ("custody is the passport to federal habeas corpus jurisdiction").  The phrase "in custody" is a term of art, since it does not merely mean that the litigant is confined.  Rather, it means that, at the time his petition is filed, the petitioner must be in custody *under the very conviction/sentence he is challenging.*[6]  See Maleng, 490

---

[6] While Petitioner is "in custody" under his current sentence ensuing from a federal conviction, he cannot "stitch" or "extend" that federal custody to his attack on his state conviction to cure the jurisdictional defect.  Moreover, his assertion that his counsel was

U.S. at 490 (citing Carafas v. La Vallee, 391 U.S. 234 554 (1968)).

Since a habeas petitioner cannot remain "'in custody' under a conviction after the sentence [he seeks to attack] has fully expired," id. at 492, Petitioner's allegations here cannot present a bona fide habeas challenge. See Eckles v. Wise, 2012 U.S. Dist. LEXIS 135476, at *6 (N.D. Ala. Sept. 21, 2012) (quoting Unger v. Moore, 258 F.3d 1260, 1263 (11th Cir. 2001), for the observation that "federal courts normally lack jurisdiction over petitions which challenge a conviction with a completely expired sentence"); see also DeFoy, 393 F.3d at 442.[7]

---

> ineffective during the state proceedings neither dissolves nor even affects the jurisdictional bar. See McQuiggin v. Perkins, 133 S. Ct. 1924 (2013) (stating that, while a court can modify a court-created doctrine so to address claims of actual innocence paired with that of ineffective assistance of counsel, the court cannot modify, relax or dissolve a bar ensuing from "a statutory or jurisdictional command").

Henries v. Sauers, 2013 U.S. Dist. LEXIS 158836, at *3, n.2 (D.N.J. Nov. 6, 2013).

[7] No statement on the Petition or the motion at bar suggests that Petitioner: (a) was in federal custody at the time he had the conviction being attack here; and (b) had remained in federal custody since the date of that conviction. Thus, it does not appear that his New Jersey sentence ensuing from the conviction under attack could have been deferred to be served after completion of his currently running federal term. Hence, his New Jersey sentence under attack does not appear pending. Correspondingly, he could not have been "in custody" under the New Jersey sentence he is attacking here at the time he filed his Petition with the E.D. Pa. since that sentence long expired.

It follows that the Petition must be dismissed for lack of jurisdiction, without reaching the issues of untimeliness, substantive deficiency or defects for the purposes of coram nobis review.  And, to the extent Petitioner meant to attack his expired New Jersey sentence and underlying conviction because it might have affected his currently running federal term, such position would be facially meritless.

In Maleng, the Supreme Court held that, once a prisoner's sentence has expired, he is no longer "in custody" under that conviction sufficient for the court to have jurisdiction to hear his habeas petition under § 2254.  See 490 U.S. at 492.  The Maleng Court expressed "no view on the extent to which [an earlier conviction] itself may be subject to challenge in the attack upon [a later sentence] which it was used to enhance." Id. at 494.  After Maleng, the Court of Appeals held that, when a prisoner sought to collaterally challenge his already expired sentence, he could do so only in a petition attacking his current sentence, not the expired one.  See Young v. Vaughn, 83 F.3d 72, 75-76 (1996) (discussing Clark v. Pennsylvania, 892 F.2d 1142 (3d Cir. 1989), cert. denied sub nom Castille v. Clark, 496 U.S. 942 (1990), and stressing that "a prisoner may attack his current sentence by a habeas challenge to the constitutionality of an

expired conviction if that conviction was used to enhance his current sentence") (emphasis supplied).[8]

After the Court of Appeals ruled in Young, the Supreme Court entered a decision highlighting the limitations of Young. See Lackawanna Cty Dist. Att'y v. Coss, 532 U.S. 394 (2001). In Lackawanna, a state prisoner brought a § 2254 petition attacking his current sentence enhanced on the basis of his expired state conviction/sentence. Relying on Maleng, the Lackawanna Court held that the prisoner was "in custody" only for the purposes of his *currently running* judgment, *not* for the purposes of his *expired* conviction/sentence. See id. Moreover, the Lackawanna Court expressly addressed the question left unanswered in Maleng, namely, "'the extent to which the [prior expired] conviction itself may be subject to challenge in the attack upon the [current] sentence which it was used to enhance,'" id. (quoting Maleng, 490 U.S. at 493), and held that, "if . . . a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were

---

[8] The rationale of — and the narrow exception carved by — Young derived from its unique factual predicate. See id. at 78 (explaining that, where the prisoner's expired 1989 conviction constituted a parole violation, the prisoner's currently running sentence was not enhanced by virtue of the earlier conviction but, instead, was the sole and direct result of the earlier conviction since, "but for his 1989 conviction, he would not be in prison or otherwise 'in custody' at all").

9

unavailable . . . , then that defendant . . . may not collaterally attack his prior conviction through a [habeas petition filed after the sentence associated with that prior conviction had] expired." Id. at 402. Therefore, to the extent Petitioner could envision a challenge based on the Young-related case law, he may, at most, fashion a § 2255 attack on his current federal term (e.g., on the grounds that it was unduly enhanced, if such enhancement took place and Petitioner holds a bona fide belief that the enhancement was legally erroneous).[9]

Thus, the Petition, presumed a § 2254 attack on Petitioner's conviction distinct and different from that litigated in Robinson-I, will be dismissed for lack of jurisdiction. No certificate of appealability will issue, see Slack, 529 U.S. at 484 (2000), since jurists of reason would not find it debatable that this Court was correct in its jurisdictional finding.

Finally, in light of this Court's resolution of this matter on the merits, Petitioner will be directed to either pay his $5 filing fee or submit a valid in forma pauperis application. See Hairston v. Gronolsky, 2009 U.S. App. LEXIS 22770, at *5 (3d Cir. Oct. 15, 2009) (citing Hall v. Stone, 170 F.3d 706, 707 (7th Cir. 1999), for the observation that a prisoner's legal obligation to

---

[9] No statement in this Memorandum Opinion and Order shall be construed as expressing this Court's position that Petitioner's Section 2255 motion, if such is filed, would be procedurally proper or substantively meritorious.

10

prepay the filing fee or to duly obtain in forma pauperis status is automatically incurred by the very act of raising legal claims for resolution by the court).

IT IS, therefore, on this **5th** day of **September 2014**,

**ORDERED** that Petitioner's motion, Docket Entry No. 7, is granted in form, insofar as this Court has considered Petitioner's arguments on the merits; and it is further

**ORDERED** that the Petition, Docket Entry No. 1, is denied for lack of jurisdiction; and it is further

**ORDERED** that no certificate of appealability shall issue; and it is further

**ORDERED** that the Clerk shall close the file on this matter; and it is further

**ORDERED** that, within thirty days from the date of entry of this Memorandum Opinion and Order, Petitioner shall submit his $5 filing fee or complete in forma pauperis application; and it is further

**ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon Petitioner by regular U.S. mail and enclose in that mailing a blank in forma pauperis form for incarcerated individuals seeking to prosecute habeas challenges; and it is finally

**ORDERED** that the Clerk shall docket this Memorandum Opinion and Order in <u>Robinson v. Shartle</u>, Civil Action No. 13-6976 (KM) (D.N.J.), accompanying such docket entry by the docket text reading, "DOCKETED FOR INFORMATIONAL PURPOSES ONLY."

<u>s/Renée Marie Bumb</u>
**RENÉE MARIE BUMB**
**United States District Judge**
